Kathryn J. Halford (CA Bar No. 068141)
email: khalford@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
erosenfeld@wkclegal.com
Lauren E. Schmidt (CA Bar No. 321435)
lschmidt@wkclegal.com
**WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone: (818) 501-8030 ext. 305
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Directors
of the Motion Picture Industry Pension Plan, et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY A. ANDERSON, aka GREG ANDERSON, individually and doing business as THE TRANSFER FILM, LLC. and doing business as DESERT PALM PRODUCTIONS,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, AND VIOLATON OF ERISA**<br><br>[29 U.S.C. §§ 1132, 1145<br> 29 U.S.C. § 185] |

Plaintiffs allege as follows:

## JURISDICTION

1.    Jurisdiction is conferred upon this court by the Employee Income

Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and by Section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

**VENUE**

2.    In accordance with ERISA Section 502(e), 29 U.S.C. § 1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered and where the contractual obligations alleged herein are to be performed.

**PARTIES**

3.    Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Industry Individual Account Plan, and the Motion Picture Industry Health Plan ("Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds, which were created and are maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4.    The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are employee pension benefit plans as defined by Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an employee welfare benefit plan as defined by Section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Pension Plan, IA Plan, and Health Plan (collectively referred to as "the Plans") are multiemployer plans within the meaning of ERISA Sections 3(37)(A) and 515, 29 U.S.C. §§ 1002(37)(A) and 1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA Section 21(A), 29 U.S.C. § 1002(21)(A). The Plans were established pursuant to Collective Bargaining Agreements between various employers and employer associations performing work in the entertainment (motion picture and television) industry, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO

("IATSE"), an unincorporated labor organization.  The Plans are administered in Studio City, California.

5.     Plaintiffs are informed and believe and, upon that basis, allege that, at all times relevant herein, Gregory A. Anderson, aka Greg Anderson ("Anderson") , did business under the fictitious business name of The Transfer Film, LLC ("Transfer Film" of "Defendant"). Plaintiffs are informed and believe that, although Gregory Anderson has represented himself as its "Managing Member", The Transfer Film, LLC was never established as a limited liability company in any state.  Plaintiffs are further informed and believe and, upon that basis allege, that Anderson also did business under fictitious business name of Desert Palm Productions.

6.     This complaint is prosecuted pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Sections 502 and 515 of ERISA, 29 U.S.C. § 1132 and 1145, to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT
## GENERAL ALLEGATIONS

7.     Plaintiffs hereby reallege each allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8.     On or about April 24, 2017, Defendant entered into a Memorandum Agreement with Studio Transportation Drivers Local 399, International Brotherhood of Teamsters ("Local 399")  ("Memorandum Agreement") for the feature film titled "The Transfer" in which Defendant recognized Local 399 as the exclusive bargaining representative of all classifications of employees performing work covered by the 2015 Producer-Studio Casting Directors Local 399/Local 817 Agreement ("Casting Directors Agreement ") for the production of "The Transfer". A true and correct copy of the Memorandum Agreement is submitted herewith and incorporated herein by

reference as Exhibit "1." A true and correct copy of the Studio Casting Directors Agreement is submitted herewith and incorporated herein by this reference as Exhibit "2". The Memorandum Agreement and Studio Casting Director Agreement are collectively referred to herein as "Agreements".

9. In conjunction with the execution of the Memorandum Agreement, on April 24, 2017, Defendant executed a Studio Transportation Drivers, Local 399 Trust Acceptance ("Trust Acceptance") in which Defendant agreed to be bound by all terms and conditions of the Agreements and Declarations of Trust establishing the Plans ("Trust Agreements") and to contribute to the Plans for each hour worked or guaranteed to all employees performing work covered by the terms of the Memorandum Agreement. A true and correct copy of the Trust Acceptance is submitted herewith and incorporated herein by reference as Exhibit "3."

10. In accordance with the terms of the Memorandum Agreement, Defendant provided a Casting Director Agreement between Defendant and Lisa Fields Casting containing a written recitation of the individually negotiated terms and conditions of employment, including but not limit to, a weekly rate of pay and obligation to make contributions to the Plans for work performed by Lisa Fields and Russel Hand for work in connection with "The Transfer".

11. The Trust Agreements obligate employers to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees, by the last day of the payroll week. Contributions specified in the Trust Agreements are deemed delinquent if they are not received within ten (10) working days from the date such contributions become due.

12. The Trust Agreements provide that, in the event of a delinquency in contributions, employers shall be liable to the Plans for the contributions owed as well as: (i) interest on the delinquent contributions at the rate of one percent (1%) per month, accruing from the date the payment is due until the day payment is made; (ii)

1  liquidated damages in an amount equal to the greater of either twenty percent (20%)
2  of the amount of the contributions due or the amount of intertest due, and; (iii) all
3  expenses of collection, including but not limited to, reasonable accountants' fees,
4  auditors' fees, attorneys' fees, and costs incurred in connection therewith.

5      13.    Plaintiffs have complied with all conditions precedent, if any, to be
6  performed under the terms of the Agreements and the Trust Agreements.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

9      14.    Plaintiffs hereby reallege each allegation contained in paragraphs 1
10 through 13 of this Complaint, as if fully set forth herein.

11     15.    Plaintiffs are informed and believe and, upon that basis, allege that
12 Defendant employed persons who performed work covered under the Agreements
13 but failed to report and pay contributions to the Plans for all hours worked or
14 guaranteed for these covered employees.

15     16.    As authorized by the Trust Agreements, on June 27, 2018, Plaintiffs
16 completed and published an audit of Defendant's records (the "Audit), which
17 disclosed that Defendant had failed to pay contributions in the amount of $6,526.10
18 for hours worked or guaranteed to Lisa Fields and Russell Hand during the period of
19 April 4, 2017 through December 23, 2017.

20     17.    In accordance with the Trust Agreements, as of June 27, 2018, interest
21 in the amount of $1,402.25 had accrued and liquidated damages in the amount of
22 $1,402.25 were assessed on the delinquent contributions. Interest and liquidated
23 damages continue to accrue on the unpaid contributions from the date the
24 contributions were due until the date they are paid. In addition, to date, Plaintiffs have
25 incurred audit costs.

26     18.    As a result of Defendant's failure to timely report and pay contributions
27 to the Plans, it has been necessary for Plaintiffs to employ the law firm of Wohlner
28 Kaplon Cutler Halford & Rosenfeld, and Plaintiffs have incurred attorneys' fees.

19.    On May 3, 2019, a final demand for payment of the unpaid contributions, liquidated damages, interest, for a total of $9,330.60 was sent to Defendant. The total amount demanded remains due and owing, together with the interest and liquidated damages that have continued to accrue from the date of publication of the Audit.

20.    As a result of Defendant's breach of the Agreements and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the total contributions owed, liquidated damages, interest, and all costs of collection including attorneys' fees, court costs, and audit costs, incurred in enforcing the terms of the Agreements and the Trust Agreements.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

21.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 20, as though fully set forth herein.

22.    By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreements and the Trust Agreements, Defendant violated ERISA Section 515, 29 U.S.C. § 1145. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Plaintiffs are entitled to, and hereby demand, payment by Defendant of all contributions determined to be due, plus liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendant Gregory A. Anderson, aka Greg Anderson, individually and doing business as The Transfer Film, LLC, also doing business as Desert Palm Productions as follows:

/ / /

**ON ALL CLAIMS FOR RELIEF**

1.      For unpaid contributions in the sum of $6,526.10 as disclosed by the Audit;

2.      For payment of interest calculated at the rate of one percent (1%) per month on all unpaid audit contributions owed from the due dates until paid;

3.      For payment of liquidated damages in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month until paid;

4.      For payment of audit costs;

5.      For attorneys' fees and costs; and

**ON THE SECOND CLAIM FOR RELIEF**

6.      For such other relief as the court deems appropriate, including other appropriate legal and/or equitable relief in accordance with ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).


Dated: July 22, 2019                Kathryn J. Halford, Esq.
                                    Elizabeth Rosenfeld, Esq.
                                    Lauren E. Schmidt, Esq.
                                    **WOHLNER KAPLON CUTLER
                                    HALFORD & ROSENFELD**


                          By:     */s/ Kathryn J. Halford*
                                    Kathryn J. Halford
                                    Attorneys for Plaintiffs
                                    Board of Directors of the Motion
                                    Picture Industry Pension Plan, et al.